IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER J. JOSE,                                        ORDER

                 Petitioner,

                                                                                     12-cr-44-bbc

         v.

UNITED STATES OF AMERICA,

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Christopher J. Jose has moved to vacate or modify the sentence imposed on him on October 2, 2012, on the ground that the conditions of supervised release imposed on him at sentencing are not applicable to his crime and otherwise improper. The motion to vacate will be denied; the motion to modify will be set for a hearing.

       It is well established that district courts have limited jurisdiction to alter a sentence after it has been imposed. United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Petitioner has not cited any rule or decision that would give this court jurisdiction to hear his challenge to his sentence, including his challenge to the conditions of supervised release imposed at that time. It is true that since he was released from his first term of imprisonment, he has been twice resentenced for violations of the terms of his supervised release and subjected to a new condition of supervised release, but those resentencings do not provide a reason for reconsidering his original sentence.

       Because the time for challenging petitioner's original sentence by appeal or by motion

1

for post conviction relief has long since run and the court has lost its jurisdiction to hear any challenges to his sentence, petitioner is barred from challenging the legality of the conditions of his supervised release that were part of his sentence. However, a sentencing court retains jurisdiction to modify the conditions of a defendant's supervised release to better serve the purposes of 18 U.S.C. § 3553(a) "at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2); United States v. Lilly, 206 F.3d 756, 761-63 (7th Cir. 2000). Therefore, I will schedule a hearing at which both petitioner and the government may be heard on the conditions of his supervised release.

ORDER

Petitioner Christopher J. Jose's motion to vacate his sentence is denied; his motion for modification of the special conditions of his supervised release will be set for a hearing on April 22, 2015 at 1:00 p.m. If petitioner cannot afford to retain counsel to represent him at the hearing, he may request the appointment of counsel.

Entered this 24th day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge